

FILED
APR 1 5 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

## INTRODUCTION

I, Lionel G. Jackson, being duly sworn, depose and state as follows:

## EXPERIENCE AND TRAINING

1. I am currently a Task Force Officer of the Drug Enforcement Administration (DEA), Norfolk Resident Office (NRO). I am also a police officer with the Norfolk Police Department. I have been employed in this capacity since September 23, 2004. I have been assigned to the Norfolk Police Vice and Narcotics Division since 2007. In September of 2012, I was deputized as a Task Force Officer with DEA in Norfolk, Virginia.

2. I am familiar with the facts and circumstances of this investigation, as a result of the information received by me and summarized in the reports I have reviewed. I have compiled information derived from discussions and interviews with experienced law enforcement officers and agents. I have not set forth each and every fact learned during the course of this investigation, but have only set forth those facts that I believe are relevant to establish probable cause.

3. I submit this Affidavit in support of a criminal complaint and arrest warrant charging TYRONE ANTONIO KING with possession with intent to distribute 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

## FACTS SUPPORTING PROBABLE CAUSE

4. In December of 2015, members of the Norfolk Police Department (NPD), Narcotics Division initiated an investigation into the illegal drug distribution activities of TYRONE ANTONIO KING who was suspected of distributing quantities of crack cocaine.

5. In December of 2015, Norfolk Investigator D. Davis made contact with a cooperating witness, hereafter referred to as (CW-1), who is familiar with KING's drug dealing activities. CW-1 reported that KING was selling crack cocaine from an apartment located in the 400 block of East Little Creek Road, Apt. #2, in Norfolk. CW-1 reported that KING utilized cellphone number (xxx) xxx-1130 to facilitate his drug transactions. Various record checks conducted by law enforcement verified that KING had a listed address in the 400 block of East Little Creek Road, Apt. #2, in Norfolk. Subsequent record checks conducted by law enforcement revealed that KING was previously convicted of possession with intent to distribute controlled substances in Norfolk in 2003.

6. Based on the above information, NPD Investigators responded to the apartment on East Little Creek Road during December 2015 on multiple occasions, at various time of the day and night, to conduct surveillance. While conducting surveillance, NPD Investigators observed different vehicles park on the street, individuals would exit their vehicles and walk to the front door of the apartment, enter the residence, stay for short periods of time and then exit the residence. NPD Investigators also observed several individuals approach the residence on foot, and conduct similar activity. Based on his training and experience in the sale and distribution of narcotics, Inv. Davis determined these actions and activities to be indicative of the distribution of illegal narcotics from the East Little Creek Road apartment.

7. Inv. Davis later met with CW-1, who agreed to cooperate with NPD Investigators and conduct controlled drug purchases from KING. Between the dates of December 13, 2015 and January 7, 2016, under the direction and control of NPD Investigators, CW-1 conducted three controlled purchases of cocaine base ("crack" cocaine) from KING. During each controlled purchase, CW-1 contacted KING at cellphone number (xxx) xxx-1130, and arranged to purchase a quantity of cocaine from KING. NPD Investigators then arranged themselves to surveil the front door of the apartment on East Little Creek Road. During each controlled purchase, KING would come out the front door of the apartment to meet with CW-1 and complete the transaction. At the conclusion of each controlled purchase, members of the investigative team maintained surveillance of CW-1, until CW-1 returned to NPD Investigators. There, CW-1 would turn over the cocaine evidence purchased from KING. Each of the controlled purchases from KING appeared to have a "pink" color, and each field-tested positive for cocaine. NPD Investigators then transported the cocaine evidence to the Norfolk POC where it was processed in the prescribed manner, and submitted to the Norfolk Property and Evidence Division for storage.

8. Based on the aforementioned events, Inv. Davis applied for and was granted a search warrant for Apartment #2 in the 400 block of East Little Creek Road on January 7, 2016. At the time police made entry, KING was found lying on the couch inside the living room. He was the sole occupant of the apartment. KING was taken into custody, and a subsequent search of his person and the residence yielded the following items, among others:

- suspected crack cocaine (pink in color) from right front pants pocket
- suspected crack cocaine (pink in color) from left front pants pocket
- $1,120 cash from left front pants pocket
- $1,750 cash in wallet from right rear pants pocket
- black case containing suspected cocaine (pink in color) from top of stove
- digital scales (kitchen)
- plastic containers with suspected cocaine reside (kitchen)
- measuring cup and knives with suspected cocaine residue (kitchen)
- sifter with suspected cocaine residue (kitchen)
- digital scales (bedroom)
- $117 cash (bedroom).

9. The suspected cocaine evidence was properly packaged and vouchered and sent to the Virginia Department of Forensic Tidewater Laboratory for analysis. The results were set forth in Certificate of Analysis #T16-354 as follows:

- 7.43 grams of cocaine base from defendant's pants pockets
- 2.01 grams of cocaine powder from defendant's pants pocket
- 111.88 grams of cocaine powder from black case on stove top
- 51.65 grams of cocaine base from black case on stove top

Totals: 59.08 grams of cocaine base and 113.89 grams of cocaine powder.

## CONCLUSION

10. Based on the foregoing facts, I believe that there is sufficient probable cause to charge TYRONE ANTONIO KING with possession with intent to distribute 28 grams of more of cocaine base, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(B)(iii), and ask that a warrant be issued for his arrest.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
Lionel G. Jackson
Task Force Officer, DEA

Seen and Reviewed:

_____
Sherrie S. Capotosto
Assistant United States Attorney

SWORN AND SUBSCRIBED TO BEFORE ME, this 15th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
at Norfolk, Virginia